IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KRISTY M. GRAFF, | ) |
| --- | --- |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil No. 08-207 |
| | ) |
| SUBBIAH CARDIOLOGY | ) |
| ASSOCIATES, LTD., | ) |
| | ) |
| Defendant. | ) |

## Opinion & Order

Plaintiff brings this civil rights employment action claiming she was subject to unwanted sexual comments and touching by her employer and was retaliated against for reporting this conduct, all in violation of Title VII of the Civil Rights Act of 1967 (42 U.S.C. § 2000(e) *et seq.*). Presently before the court is Defendant's Motion to Dismiss or in the Alternative for Summary Judgment. For the reasons stated below we will deny Defendant's motion.

Defendant first moves to dismiss the Complaint arguing that Defendant is not an "employer" as defined under Title VII. Next, Defendant moves to dismiss Plaintiff's retaliation claim for failure to state a claim. Finally, Defendant moves for a more definite statement on Plaintiff's gender discrimination claim. We address these arguments in turn.

## I. Motion to Dismiss or for Summary Judgment Because Defendant Is Not an Employer

The Defendant first argues that this action should be dismissed because Subbiah Cardiology associates, LTD, is not an "employer" as defined by Title VII. Title VII defines an "employer"as "a person engaged in an industry affecting commerce who has fifteen or more employees. . . ." 42 U.S.C. § 2000e(b).

The United States Court of Appeals has held that "the fifteen-employee threshold is a substantive element (whether an 'employer' exists) of a Title VII claim and is not jurisdictional." Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 83 (3d Cir. Pa. 2003), cert. denied, 541 U.S. 959, 124 S. Ct. 1714, 158 L. Ed. 2d 400 (2004). As a substantive element, the Third Circuit Court directs that we resolve this "issue under the summary judgment standard rather than as a motion for judgment on the pleadings." Nesbit, 347 F.3d at 84, *citing* Fed. R. Civ. P. 12(c). Accordingly, we will deny Defendant's motion on this issue under Rule 12(b)(6) and address Defendant's motion as a motion for summary judgment.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c), Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Summary judgment may be granted only if the moving party establishes that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id. Summary judgment is appropriate only when the record evidence could not lead a reasonable jury to find for the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248-249 (1986). In evaluating a motion for summary judgment the court does not weigh the evidence or make credibility determinations. Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000). Rather than evaluating the evidence and determining the truth of the matter, the court determines whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In reviewing the evidence, the court draws all reasonable inferences in favor of the non-moving party. Reeves, 120 S.Ct. at 1210; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

2

Plaintiff alleges in her Complaint that "Defendant Subbiah Cardiology Associates, Ltd., is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b), in that it employees more than 15 individuals." (Complaint, at ¶ 3.) Defendant bases its motion on the Declaration of T. N. Subbiah, M.D., that purports to establish that Subbiah Cardiology employed less than 15 employees during 2006 and 2007, the relevant years for this action. (Declaration of T. N. Subbiah, M.D., April 16, 2008, attached as Ex. A to Defendant's Motion.)

Plaintiff responds by pointing out that the Declaration is not conclusive as to whether Subbiah Cardiology meets the definition of an employer. We agree. Dr. Subbiah is the person Plaintiff alleges engaged in the unlawful discrimination. We essentially have before us competing sworn statements from the parties on whether the Defendant meets the legal definition of an "employer." Thus, denial of Defendant's motion is appropriate at this stage of the proceedings.

Plaintiff submits that at a minimum Defendant's payroll records are needed before this issue can be decided, and that it may be necessary for depositions. In its Reply Brief, Defendant indicates that it is willing to produce payroll records, but opposes depositions. However, the parties have indicated in their recently filed Rule 26(f) Report that they wish to pursue phased fact discovery with discovery initially limited to whether Subbiah Cardiology is an employer within the meaning of Title VII. The parties should be prepared to discuss a timetable for the limited discovery period at the Initial Rule 16 Conference on June 11, 2008. The limited discovery period does not relieve the parties of their obligations to proceed with the Court's Alternative Dispute Resolution process.

Based on the above discussion, we conclude that we are without sufficient information at this time to resolve the issue of whether Defendant meets the legal definition of "employer" and therefore we will deny Defendant's motion for summary judgment without prejudice.

3

## II. Rule 12(b)(6) Motion to Dismiss Plaintiff's Retaliation Claim

Next, Defendant argues that Plaintiff's retaliation claim should be dismissed for failure to state a prima facie case for retaliation. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) she engaged in a protected activity under Title VII; (2) the employer took an adverse action against her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action. Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315, 320 (3d Cir. Pa. 2008), *citing* Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006) (citation omitted).

Plaintiff alleges that she was unlawfully subjected to sexual harassment by her employer and that she complained about this conduct to her supervisor. She further alleges that because she complained of the conduct she was demoted and constructively discharged. Defendant argues that Plaintiff has failed to state claim because she has not alleged any facts to support a causal link between her complaint and the adverse employment actions.

Defendant primarily relies on the United States Supreme Court's decision in Bell Atlantic Corp. v. Twombley, ___ U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), to support its argument that Plaintiff's Complaint fails to state a retaliation claim. In Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008), the United States Court of Appeals for the Third Circuit discussed how Twombley altered the standard of review on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The Phillips' Court found "two new concepts" in Twombley. Phillips, 515 F.3d at 231. First, the Supreme Court explicitly addressed the Rule 12(b)(6) standard in conjunction with Federal Rule of Civil Procedure 8(a)(2). Phillips, 515 F.3d at 231. The Supreme Court explained that Rule

4

8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombley, 127 S. Ct. at 1964, 167 L.Ed.2d at 940, *quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80.(U.S. 2007). Relating this requirement to a Rule 12(b)(6) motion the Supreme Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [Conley, 355 U.S. at 47]; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Twombly, 127 S. Ct. at 1964-1965, 167 L.Ed.2d at 940.

The Phillip's Court also noted that the Supreme Court emphasized the importance of Rule 8 to the 12(b)(6) standard of review through several other statements: The Supreme Court explained that "Rule 8 'requires a 'showing,' rather than a blanket assertion, of entitlement to relief, Phillips, 515 F.3d at 231, *quoting* Twombley, 1965 n.3. The Supreme Court also "referr[ed] to the 'threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief"'", Phillips, 515 F.3d at 231-232, *quoting* Twombley, 1966. Finally, the Supreme the Court explained that "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 232, *quoting* Twombley, 1965 & n. 3.

Second, the Phillips' Court found that the Supreme Court "disavowed" the "no set of facts" language" from Conley, making it clear that this language "may no longer be used as part of the Rule 12(b)(6) standard." Phillips, 515 F.3d at 232, *quoting* Twombley, at 1968. The Phillips Court

5

then found that "these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general." 232. In Wilkerson, the Third Circuit Court extended the holding in Phillips to the employment discrimination context. Wilkerson, 522 F.3d at 322 .

The Phillips' Court also noted that the "Supreme Court reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, 515 F.3d at 231, *citing* Twombley at 1964-65, 1969 n.8.

Taking the above concepts into mind the standard of review we apply on a Rule 12(b)(6) motion is as follows. In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips, 515 F.3d at 233, *quoting* Pinker, 292 F.3d at 374 n. 7, and *citing* Twombley, 127 S.Ct. at 1969 n.8. To withstand a motion to dismiss under Rule 12(b)(6), the Complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, at 234, *quoting* Twombly, 127 S. Ct. at 1965. Thus,"'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id., *quoting* Twombly, 127 S. Ct. at 1965. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 234, *quoting* Twombly, 127 S. Ct. at 1965 (quotations omitted).

We have no trouble finding that Plaintiff has adequately plead a claim for relief under this standard. Even post-Twombley, Plaintiff is not required to *establish* the elements of a prima facie

6

case. Plaintiff alleges that she was subject to unwanted sexual comments and touching by her employer. She further alleges that she engaged in the protected activity of complaining of this unlawful sexual harassment and as a result she was demoted and constructively discharged. These allegations constitute "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" Phillips, 515 F.3d at 234, *quoting* Twombly, 127 S. Ct. at 1965 (quotations omitted).

The Phillips Court found that the plaintiff had met the pleading standard of a state created danger to show a "direct causal relationship between [an] affirmative act and plaintiff's harm" where the plaintiff had alleged that after the defendants has committed the affirmative act of providing information to a third party, that third party used that information to harm the plaintiff. Phillips, 515 F.3d at 236-237. Similarly, here Plaintiff alleges that after she complained of the unlawful conduct, Defendant took adverse action against her. Details of when she complained and the decisions made by Defendant to demote her and constructively discharge her "could be more readily forthcoming in discovery." Wilkerson, 522 F.3d at 322 (finding that plaintiff had sufficiently alleged a retaliation claim under the post-Twombley standard of review). Accordingly, we will deny Defendant's motion to dismiss Plaintiff's retaliation claim.

7

## III. Motion for A More Definite Statement

Finally, Defendant moves under Rule 12(e) for a more definite statement of Plaintiff's claim of gender discrimination. Defendant argues that it is unable to properly respond to the allegations because Defendant cannot determine the elements of the claim and whether they state a viable claim. We disagree. Federal Rule of Civil Procedure 12(e) states, in relevant part, as follows:

> **Motion for More Definite Statement.** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e).

"Motions for a more definite statement are disfavored, and are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings." Briley v. City of Trenton, 164 F.R.D. 26, 30 (D.N.J. 1995); *see also* Viola v. Village of Throop, 2007 WL 2234589, *2 (W.D.Pa. 2007), *quoting* Schadler v. Eagle Publications, Inc., 370 F.2d 795, 798 (3d Cir.1967) (Rule 12(b)(6) motions are "'directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.'") The Complaint here is certainly not unintelligible, but it is also not vague or ambiguous. Defendant's pleadings indicate that they do understand Plaintiff's claims and are capable of responding. We therefore will deny Defendant's motion for a more definite statement

## IV. Conclusion

We will deny Defendant's motion to dismiss Plaintiff's retaliation claim and motion for a more definite statement of Plaintiff's gender discrimination claim. As discussed above, we will deny without prejudice Defendant's motion for summary judgment because there is insufficient

8

record evidence to determine whether Defendant meets the definition of "employer" under Title VII. Because this issue may be controlling, the parties will engage in a limited discovery period to address this issue. In this regard we note that Plaintiff acknowledges that such limited discovery may establish that Defendant is not an "employer" as defined by Title VII. (Plaintiff's Brief in Opposition, at 5.)

An appropriate Order follows.

June 4, 2008
Date

Maurice B. Cohill, Jr.,
Senior District Judge

9